

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6421 | DATE | 8/19/2002 |
| CASE TITLE | Rebecca R. Vela vs. The Village of Sauk Village | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion for Summary Judgment is GRANTED and the case is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 AUG 19 PM 4:40 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 19 2002
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
AUG 2 0 2002

REBECCA R. VELA,

    Plaintiff,

v.

THE VILLAGE OF SAUK VILLAGE,
d/b/a the SAUK VILLAGE POLICE
DEPARTMENT,

    Defendants.

Case No. 00 C 6421

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Village of Sauk Village's ("the Village") Motion for Summary Judgment pursuant to FED. R. CIV. P. 56.

### BACKGROUND

Rebecca Vela ("Vela") is a Mexican-American female who has been employed as a police officer for the Village since April 26, 1993. The Village is an Illinois municipality organized under the laws of the state of Illinois. On November 12, 1997, Vela filed a Charge of Discrimination with the Illinois Department of Human Rights (the "IDHR") and the Equal Employment Opportunity Commission (the "EEOC"). The Charge alleged that Vela was subjected to unequal terms and condition of employment due to her sex and national origin in relation to three incidents occurring in 1997. On the IDHR intake form, when asked to identify the type of

discrimination that she wanted investigated, Vela circled "unequal terms and conditions." Two other types of discrimination, "harassment" and "failure to promote" were both circled and then crossed out; with Vela's initials appearing next to the crossed out "harassment" and "failure to promote" choices. Vela signed the intake form, which stated: "I certify that this information is true and correct to the best of my knowledge." After receiving a right-to-sue notice, Vela filed a complaint against the Village in the Northern District of Illinois alleging hostile work environment, disparate treatment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count I) and 42 U.S.C. § 1983 (Count II).

On July 26, 1999, U.S. District Court Judge David H. Coar granted summary judgment in the Village's favor on both counts. The Court considered and rejected Vela's argument that she should be allowed to proceed in the district court on claims of hostile work environment harassment when she did not include those allegations in her EEOC charge. *Vela v. The Village of Sauk Village*, 1999 WL 558125, at *4-6 (N.D. Ill. July 26, 1999)("Vela I"). This decision was affirmed by the Seventh Circuit Court of Appeals on June 22, 2000. See *Vela v. The Village of Sauk Village*, 218 F.3d 661 (7th Cir 2000). Obviously unhappy with this turn of events, Vela immediately filed a new charge with the IDHR on August 10, 1999, seeking to remedy the deficiencies of the

original charge. In her second IDHR charge, Vela alleged that: her work performance was "nit picked" in 1999 in retaliation for filing her first EEOC charge; she was denied reimbursement for tuition costs in retaliation for the first charge; and in July and August of 1999 she was subjected to sexual harassment in the form of officers sometimes wearing T-shirts that were sexual in nature, sexual jokes being told around the department, and that she was asked on one occasion to engage in sex by a fellow officer. On October 17, 2000, Vela filed a new three-count complaint against the Village again alleging sexual harassment and retaliation in violation of Title VII (Counts I and III) and § 1983 (Count II). The Village now moves for summary judgment on all counts claiming that Vela's claims are barred by *res judicata* and, in the alternative, that the record supports summary judgment for the Village on both the Title VII and § 1983 claims.

## DISCUSSION

### Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's

favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001). In the employment discrimination context, summary judgment is warranted where "the evidence, interpreted favorably to the plaintiff, could [not] persuade a reasonable jury that the employer had discriminated against the plaintiff." *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1570 (7th Cir. 1989).

## Defendants' Motion for Summary Judgment

### *Count I*

In Count I, Vela alleges sexual harassment in the form of a hostile work environment. The allegations that form the basis for Count I are nearly identical to those that Vela wanted to pursue in Vela I and the Village argues that Count I should therefore be barred by operation of *res judicata*. The doctrine of *res judicata* dictates that a final judgment on the merits in a court of competent jurisdiction bars the same parties or their privies from relitigating not only issues which were in fact raised and decided but also all other issues which could have been raised in the prior action. *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982) (citations omitted). The elements of *res judicata* are: (1) a

final judgment on the merits in the earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Id*.

The first and third requirements are clearly met here: there was a final judgment on the merits in the 1998 action when Judge Coar granted summary judgment in the Village's favor and the parties in the current action are identical to those in the 1998 action. Courts consider there to be an identity between the earlier and later suits when "a single core of operative facts . . . give the plaintiff a right to seek redress for the wrong concerned. . . . If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the alleged different causes of action asserted. . . ." *Lee*, 685 F.2d at 200. Here, the factual allegations supporting Vela's current sexual harassment claim are nearly identical to those she alleged in her 1998 complaint. Vela has added two new factual allegations to her current complaint: that offensive T-shirts were worn around the department and that she was asked to engage in sexual acts by another officer. However, Vela contends correctly that *Morgan v. National Railroad*, 536 U.S. \_\_\_\_\_ (2002) allows her to base her hostile work environment claim on all acts of harassment occurring in the past and as such her current sexual harassment claim really does involve the same core of operative facts as the claim that Vela could have

but, for whatever reason, chose not to raise before the IDHR in the first action. See *Yaba v. Roosevelt*, 961 F.Supp. 611, 621-22 (S.D.N.Y. 1997). The addition of a few new *de minimis* allegations does not obviate the fact that these are essentially identical hostile work environment claims and that this claim could have been but was not raised before the IDHR in Vela I. See *Vela*, 1999 WL 558125, at *4-6. Vela is therefore barred by operation of *res judicata* from advancing her sexual harassment claim and the Village is entitled to summary judgment on Count I.

### Count II

In Count II Vela seeks to hold the Village liable under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment right to equal protection in connection with the hostile work environment she was allegedly subjected to. Sexual harassment in the workplace can constitute gender discrimination in violation of the Equal Protection Clause. *Markham v. White*, 172 F.3d 486, 491 (7th Cir. 1999). However, the Village may be liable only if Vela can demonstrate that the Village had a policy, custom, or practice that caused the deprivation of her rights. *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690 (1978).

Count II of the current complaint is the mirror image, word-for-word, of Count II in the Vela I complaint; even the paragraph numbering is identical. In Vela I as in the current complaint, paragraph 18 incorporates paragraphs 1-15 as the factual basis for

the § 1983 claim against the Village. As in Vela I, paragraphs 1-15 allege sexual harassment, disparate treatment, retaliation and that "Plaintiff complained to management about this sexual harassment but to no avail." No mention was made of a "failure to train" in either Vela I or the current complaint but, as in the first case, Vela has again chosen to argue her § 1983 claim exclusively on the grounds of inadequate sexual harassment training. Facing this same situation in Vela I, Judge Coar granted the Village summary judgment on the § 1983 claim, stating that:

> Plaintiff's complaint did not allege inadequate training. Rather, the policy that it appeared to allege was wrongful toleration of discriminatory harassment occurring at the police department. Plaintiff's belated attempt to raise failure to train, a different theory, comes after discovery was closed, thus denying Defendant the ability to collect information as to the training that does occur and as to the causative relationship (if any) between the alleged failure to train and Plaintiff's alleged constitutional harm. Because Plaintiff based her entire § 1983 argument on the alleged failure to train policy, her § 1983 claim must fail.

Vela, 1999 WL 558125, at *10.

Faced with the exact same scenario, the Court sees no reason why the result should not also be the same in the current case. Moreover, in Vela I both the District Court and Seventh Circuit found that record could not support a finding that the alleged sexual harassment resulted from a lack of training. Vela, 218 F.3d at 666; Vela, 1999 WL 558125, at *10 n.14. There is no evidence

developed subsequent to Vela I that materially alters the record in this respect. Accordingly, the Village is entitled to summary judgment on Count II.

### *Count III*

In Count III, Vela claims that she was retaliated against for the Charge of Discrimination she filed with the IDHR on November 12, 1999. The alleged acts of retaliation are that: (1) Vela "is being harassed by Sgt. Schwertfeger in that he persistently and consistently nit picks her work performance"; and (2) Vela was denied a $900 tuition reimbursement by the Village. Vela raised the issue of her job performance being "nit picked" by Sgt. Schwertfeger in her first EEOC charge, although she did not characterize it as retaliatory conduct at that time. For this reason alone this claim should be barred on the basis of *res judicata*. Moreover, Vela has been complaining of Sgt. Schwertfeger's constant and persistent "nit-picking" since her first EEOC charge in 1997. It is clear from the record that, even if such conduct could somehow be characterized as a sufficiently adverse employment action, this nit picking is not retaliatory but merely a continuation of the harassing conduct giving rise to the original 1997 complaints to the IDHR. *See McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996).

The second act of retaliation alleged by Vela is the Village's decision to give her a $600 reimbursement for college tuition

expenses when she had requested $900. Assuming, *arguendo*, that Vela establishes the required nexus between a protected expression and the Village's decision regarding her tuition reimbursement, this act is not a sufficiently material adverse employment action for purposes of a Title VII retaliation claim. *See Fyfe v. City of Fort Wayne*, 241 F.3d 597, 602 (7th Cir. 2001). The Village is accordingly entitled to summary judgment on Count III.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED and the case is DISMISSED in its entirety.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: August 19, 2002